IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

THEODORE BODENSTEINER,

                            Plaintiff,                          OPINION AND ORDER

     v.                                                 21-cv-206-wmc

WOODSIDE RANCH, LLC (d/b/a
WOODSIDE RANCH ENTITIES),

                          Defendant.

---

In this civil action, plaintiff Theodore Bodensteiner alleges that defendant Woodside Ranch, LLC (d/b/a Woodside Ranch Entities and referred to here as "Woodside") breached the terms of his written employment agreement.  (Compl. (dkt. #1).)  Plaintiff moves for summary judgment on liability on the basis that the undisputed facts demonstrate that:  (1) under the terms of plaintiff's employment agreement, he could only be terminated for cause; (2) the agreement contains an integration clause disavowing all other agreements and requiring that any modifications be in writing; and (3) plaintiff was not terminated for cause as defined by the agreement, nor did the parties modify the agreement to remove that requirement.  (Dkt. #19.)  In response, defendant identifies Wisconsin cases that allow for oral modification of written contracts even with an integration clause, at least where no restriction on oral modifications is included or where an unambiguous waiver of that restriction occurs as evidenced by both parties' subsequent conduct, but then stops short of presenting *any* evidence that:  (1) the parties agreed to

1

waive the written modification requirement here; *or* (2) plaintiff's termination was for cause.

Since summary judgment is the "proverbial put up or shut up" time, *Weaver v. Champion Petfoods USA Inc.*, 3 F.4th 927 (7th Cir. 2021), the court will grant plaintiff's motion to the extent defendant may seek to prove otherwise at trial. Contrary to plaintiff's contention, however, this ruling does *not* result in a finding of liability in plaintiff's favor. Instead, as explained further below, the employment agreement still permits termination of plaintiff's employment during the agreement's three-year term "by mutual agreement of the parties." As to this provision, defendant has proffered sufficient evidence, if barely, to preclude this court from concluding that the record is "so one-sided as to rule out the prospect of a finding in favor of the non-movant on the claim." *Hotel 71 Mezz Lender LLC v. Nat'l Ret. Fund*, 778 F.3d 593, 601 (7th Cir. 2015). As such, this case will move forward to trial on both questions of liability and damages, while prohibiting defendant from arguing that plaintiff was terminated for cause *or* that the parties waived or modified the for cause requirement.

## UNDISPUTED FACTS[1]

### A. Overview of the Parties

Although now a citizen of Iowa, plaintiff Theodore Bodensteiner was employed by defendant Woodside Ranch, LLC, in Mauston, Wisconsin, from March 1, 2019, until his

---

[1] Unless otherwise noted, the court finds the following facts material and undisputed, viewed in the light most favorable to defendant as the nonmoving party. This court previously found that it has subject matter jurisdiction over the parties' dispute by virtue of their complete diversity and there being more than $75,000 in controversy under 28 U.S.C. § 1332(a). (Dkt. #10.)

employment was terminated on October 16, 2019.  Damon Zumwalt is the sole owner of Woodside Ranch and is a citizen of Florida.

### B.  Employment Agreement

Zumwalt met Bodensteiner while the latter was working at the "Los Dells Festival," an event sponsored by Woodside.  Impressed with Bodensteiner, Zumwalt discussed the possibility of his coming to work at Woodside, and eventually Zumwalt offered Bodensteiner employment to include salary plus housing.  That offer became a written employment agreement, something Zumwalt enters into with less than 5% of those he employs.

Specifically, on March 1, 2019, Woodside and Bodensteiner entered into a written employment agreement (the "Agreement").  (Fox Aff., Ex. C (dkt. #21-3).)  This is the only written agreement executed between the parties.  Furthermore, the Agreement contains a complete integration or merger clause, stating that it "constituted and contains the entire agreement between the parties . . . and supersedes and replaces any and all other agreements . . . with respect to the employment of" Bodensteiner and that "no other agreement, statement, or promise not contained in this Agreement shall be valid or binding."  (*Id.* at 9.)  The Agreement also states that it "may only be modified by an instrument in writing executed by both parties hereto."  (*Id.*)

Also critical to plaintiff's claim, the Agreement grants Bodensteiner a three-year term of employment from March 1, 2019, through March 1, 2022, absent termination "for cause or by mutual agreement of the parties."  (*Id.* at 1.)  The Agreement defined "For Cause" as:

i. A breach by Employee of any of the material terms or provisions of this Agreement which is not cured within five (5) business days after written notice has been provided by Employer to Employee setting forth such breach, unless such breach is deemed by Employer, in its sole discretion, to be so egregious as to warrant a waiver of the time to cure;

ii. Employee's conviction of a criminal act that constitutes a felony or otherwise renders Employee unable to perform all of the duties and services required to be performed;

iii. The commission by employee of an act or acts involving moral turpitude, embezzlement, dishonesty or fraud on or against the property or personnel of Employer, its parents, subsidiaries or affiliates of Employer's clients or customers; or

iv. The willful failure or refusal of Employee to perform all of his duties and responsibilities which is not cured within five (5) business days after written notice has been provided by Employer to Employee setting forth such willful refusal, unless such refusal is deemed by Employer, in its sole and absolute discretion, to be so egregious as to warrant a waiver of the time to cure.

(*Id.* at 7.)

## C. Bodensteiner's Employment

Bodensteiner began his employment with Woodside in March 2019. While there is no dispute that Bodensteiner performed his duties adequately through the early part of September 2019, Woodside contends that after roughly September 8, 2019, Bodensteiner "failed to perform any job duties and failed to attend several mandatory weekly meetings." (Def.'s Add'l PFOFs (dkt. #34) ¶ 6.) However, Woodside never provided Bodensteiner written notice of his alleged performance deficiencies or a five-day opportunity to cure before terminating him.

4

About a month after Zumwalt became concerned about Bodensteiner's performance, he flew from California to Wisconsin to discuss his concerns with Bodensteiner. On October 15, 2019, Anita Kinser, the person in charge of payroll and HR at Woodside, also wrote to Woodside's outside counsel, Attorney Edward S. Kim, that

> Damon [Zumwalt] is here at Woodside until Thursday. He has decided to release Ted Bodensteiner. . . . Damon plans on meeting with Ted tomorrow, and would like a letter of dismissal from you that we can present. He plans on giving him two weeks' notice, with his last check being on the scheduled payday of October 28, paying him through the month of October. He plans on giving Ted and his family until the last day of November, 2019 to vacate the Woodside residence they are living in.

(Def.'s Resp. to Pl.'s PFOFs (dkt. #36) ¶ 8 (citing Fox Aff., Ex. I (dkt. #38-3) 3).) After exchanging emails with counsel, Kinser and Attorney Kim finalized the separation letter that same day. (Fox Aff., Ex. I (dkt. #38-3).)

On October 15, Zumwalt met with Bodensteiner, during which he represents that the two "discussed the issues and ultimately came to a separation agreement under which Bodensteiner would separate from Woodside; that his separation would not be considered a termination (so that Bodensteiner would not have a termination on his record which may impede future employment); that he would be paid through October 28, and that he would be allowed to remain in the residence at Woodside through November 30." (Def.'s Add'l PFOFs (dkt. #34) ¶ 8.) Defendant further represents that these terms were offered by Zumhalt and accepted by Bodensteiner. At that meeting, Zumhalt also hand-delivered the letter prepared by outside counsel with Kinser's assistance to Bodensteiner, which defendant contends captures the terms Zumhalt offered Bodensteiner and he accepted.

Specifically, the letter advised Bodensteiner that "on October 16, 2019, [Woodside] is providing notice of the termination of your employment with Woodside, due to the elimination of your position.  The final date of your employment with Woodside shall be October 28, 2019."  (Fox Aff., Ex. D (dkt. #21-4) 1.)

In addition, on October 18, 2019, Kinser completed a "separation report" for Bodensteiner, setting forth a separation date of October 28, 2019, checking "dismissal" as the type of separation, and *not* checking "mutual agreement."  (Fox Aff., Ex. E (dkt. #21-5).)  For employee evaluation, the report also indicated that Bodensteiner's attendance, job knowledge and quality of work were all "fair," and that his cooperation and initiative were "satisfactory," both on a scale from "unsatisfactory, fair, satisfactory, good and excellent."  (*Id.*)  However, the report noted that any recommendation would be "with reservation"; and under rehire, the report was checked "no."  (*Id.*)  Finally, under "additional comments," Kinser wrote, "per owner-Damon Zumwalt."  (*Id.*)  Defendant represents that this report is "an internal form, the sole purpose of which is to alert payroll to a change in an individual's employment status."  (Def.'s Add'l PFOFs (dkt. #34) ¶ 14.)  Defendant also represents that at the time Kinser filled out the report, he had limited experience in her HR role, and that her report was prepared in an effort to capture Zumwalt's representation that they were not going "burn" Bodensteiner.  (*Id.* ¶ 15.)  For this reason, defendant explains that the report was "incomplete" as to details from Zumwalt and Bodensteiner's October 16 discussion.

OPINION

Plaintiff seeks partial summary judgment establishing defendant's liability on his breach of contract claim.  As the party moving for summary judgment on a claim for which he bears the burden of proof, plaintiff "must lay out the elements of the claim, cite the facts [that he] believes satisfies these elements, and demonstrate why the record is so one-sided as to rule out the prospect of a finding in favor of the non-movant on the claim." *Hotel 71 Mezz Lender LLC v. Nat'l Ret. Fund*, 778 F.3d 593, 601 (7th Cir. 2015).[2]

To prove a breach of contract claim, a plaintiff must show: "(1) a contract between the plaintiff and the defendant that creates obligations flowing from the defendant to the plaintiff; (2) failure of the defendant to do what it undertook to do; and (3) damages." *Brew City Redevelopment Grp., LLC v. The Ferchill Grp.*, 2006 WI App 39, ¶ 11, 289 Wis. 2d 795, 714 N.W.2d 582, *aff'd sub nom.*, 2006 WI 128, ¶ 11, 297 Wis. 2d 606, 724 N.W.2d 879 (citing *Nw. Motor Car, Inc. v. Pope*, 51 Wis. 2d 292, 296, 187 N.W.2d 200, 203 (1971)).  Here, plaintiff contends that defendant breached the Agreement by terminating his employment within the three-year contract term for a reason that does not constitute "cause" as defined in the Agreement.  Moreover, plaintiff points out that the Agreement is the *only* agreement governing his employment with Woodside because no modifications were agreed to by the parties in a writing executed by both parties.

---

[2] Both parties rely on Wisconsin precedent in setting forth the standard for summary judgment. However, while plaintiff is pursuing a state claim and state law will dictate resolution of the substance or merit of his claim as set forth below, this court applies Federal Rule of Civil Procedure 56 and caselaw interpreting that rule in deciding plaintiff's motion as to process, including the production obligations of both sides. *See on Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

As an initial matter, defendant does not dispute that Bodensteiner's termination was not for cause as that term is defined in the Agreement.  Specifically, there is no dispute that the only reason offered in Bodensteiner's written notice of termination, "elimination of your position" -- provided by Zumwalt in a hand-delivered letter on October 16, 2019 -- does *not* satisfy the definition of "For Cause" under the Agreement.  Moreover, while defendant contends that plaintiff was not performing his job duties adequately, or at all, the record at summary judgment establishes that plaintiff was neither presented with written notice of his alleged breach for cause nor offered five days to cure that breach, both as required under the Agreement.  (Fox Aff., Ex. C (dkt. #21-3) 7.)  Nor does defendant argue that any breach was so "egregious" as to warrant waiving the cure period.[3]

Instead, defendant argues in its brief that Bodensteiner and Zumwalt agreed to modify the Agreement to eliminate the "For Cause" requirement.  In so arguing, defendant principally relies on Zumwalt's affidavit, in which he avers that:  (1) on October 15, 2019, he met with Bodensteiner to discuss performance concerns; and (2) they "ultimately came to a separate agreement under which he would separate from Woodside [and] that his separation would not be considered a termination, so that he would not have a termination on his record which may impede future employment."  (Zumwalt Aff. (dkt. #21) ¶ 4.)  Plaintiff disputes that the parties agreed to structure his termination in this way, but defendant has raised a genuine issue of material fact as to whether Bodensteiner agreed to leave his employment in exchange for labeling his termination as the elimination of his

---

[3] Of course, even this argument would fail, because an egregious breach would waive the cure period but *not* the Agreement's requirement for written notice "setting forth such breach."

position.  *See Hilkert v. Zimmer*, 90 Wis. 2d 340, 343, 280 N.W.2d 116 (1979) (finding fact issue as to whether an oral modification to a written contract "may be enforceable in equity under Wisconsin law").

Unfortunately for defendant, the Agreement requires that any modification to its terms be "by an instrument *in writing*" *and* "executed by both parties."  (Fox Aff., Ex. C (dkt. #21-3) 9 (emphasis added).)  There is no dispute that a modification of the Agreement eliminating its "for cause" requirement was neither put "in writing," nor executed by the parties.  Still, defendant persists that the jury could find *waiver* of the written modification and execution requirement, principally directing the court to *Allen v. O'Hara, Inc. v. Barrett Wrecking, Inc.*, 898 F.2d 512 (7th Cir. 1990).  In *Allen*, the Seventh Circuit explained, "[i]t is clear under Wisconsin law that a written contract may be subsequently modified orally by the parties." *Id.* at 518.  Like most of the other cases cited by defendant, however, the *Allen* case involved a construction agreement, and the Wisconsin Supreme Court has long "recognized that a provision in construction contracts requiring written change orders may be avoided where the parties evidence by their words or conduct an intent to waive or modify such a provision." *Id.* (citing *S & M Rotogravure Serv. Inc. v. Baer,* 77 Wis. 2d 454, 252 N.W.2d 913, 919 (1977)).  (*See also* Def.'s Opp'n (dkt. #26) 9-10 (citing other construction cases).)

In fairness, there is some, limited support in Wisconsin case law allowing a written modification requirement to be waived orally even outside of the construction context.  *See Royster-Clark, Inc. v. Olsen's Mill, Inc.*, 2006 WI 46, ¶¶ 39-40  714 N.W.2d 530, 290 Wis. 2d 264 (finding an oral modification enforceable as an exception to the statute of frauds

in a contact for the sale of fertilizer).  However, with respect to both construction cases and the product dispute in *Royster-Clark*, the courts relied on evidence of substantial, post-contract agreement to support a finding of waiver of the written modification requirement, typically in the form of the parties' subsequent conduct accepting oral change orders.  *E.g.*, *Allen*, 898 F.2d at 518 (describing the defendant's evidence that the defendant "would perform changes in the work as requested by [the plaintiff] without a written change order"); *Royster-Clark*, 2006 WI 46, ¶ 28 (describing the "parties' long-standing relationship" as evidence in support of a finding of waiver of the written modification requirement provision).

In contrast, the defendant here fails to put forth *any* evidence supporting a finding that plaintiff agreed to waive the written modification requirement.  In other words, defendant cannot rest on the claimed existence of a single oral conversation supposedly waiving the cause requirement for termination for a reasonable jury to find that the parties also agreed to waive the written modification requirement itself.  In particular, defendant only submits Zumwalt's affidavit, in which he avers that "[t]he parties subsequently orally modified the agreement at our meeting on or about October 15, 2019, and acted in accordance with the amended agreement, waiving any requirement that modification be in writing."  (Zumwalt Suppl. Aff. (dkt. #35) ¶ 4.)  However, Zumwalt does not aver, and defendant does not submit any other evidence that the parties, and specifically, Bodensteiner, knowingly agreed to waive the written modification requirement.  Instead,

at most, his representation simply supports a finding that the parties waived the "for cause" provision of the requirement.[4]

On this record, therefore, *no* basis exists for a reasonable jury to conclude that the parties reached a meeting of the minds on an agreement to waive the *written modification* requirement. As noted earlier, the Seventh Circuit has repeatedly advised that summary judgment is the "proverbial put up or shut up" phase of a case, "when a party must show what evidence it has that would convince a trier of fact to accept its version of events." *Weaver*, 3 F.4th at 938.

Addressing the parties' positions, including defendant's arguments made in opposition, summary judgment in plaintiff's favor on this issue is warranted. However, plaintiff *only* moved for summary judgment on the basis that defendant breached the contract by terminating him within the three-year contractual term without written cause. Thus, the court agrees that defendant failed to put forth any evidence for a reasonable jury to conclude that Bodensteiner was terminated for cause or that the parties waived or otherwise modified that provision.

Still, as mentioned above, the Agreement also permits termination of employment within the three-year contract term "by mutual agreement of the parties." (Fox Aff., Ex. C (dkt. #21-3) 1.) For reasons that are not clear, defendant does *not* expressly argue that plaintiff's termination falls under this provision of the Agreement, and the Seventh Circuit instructs that it is not this court's role to develop arguments for the either party "especially

---

[4] If Zumwalt is now willing to swear under oath that the parties actually discussed and agreed to waive the written modification requirement during that conversation, defendant is free to seek reconsideration, but the court does not read Zumwalt's supplemental affidavit as so averring.

when they are represented by counsel." *See Doherty v. City of Chi.*, 75 F.3d 318, 324 (7th Cir. 1996) ("Given our adversary system of litigation, it is not the role of this court to research and construct the legal arguments open to parties . . .") (citation omitted). However, given how plaintiff framed his motion for summary judgment -- simply arguing that he was not terminated for cause and that there is no evidence to support a finding that this provision was waived -- coupled with the fact that defendant at least presented *evidence* from which a reasonable jury might find the parties reached a mutual agreement to separate (*see* Def.'s PFOFs (dkt. #34) ¶ 8), the court will not enter liability in plaintiff's favor.  Instead, this case will proceed to trial as to liability and damages, with defendant limited to arguing that the parties mutually agreed to terminate their contract early, what defendant will not be permitted to argue is that plaintiff was terminated for cause or that the parties agreed to modify or otherwise waive this "for cause" requirement.

## ORDER

IT IS ORDERED that plaintiff Theodore Bodensteiner's motion for summary judgment (dkt. #19) is GRANTED IN PART AND DENIED IN PART as set forth above.

Entered this 13th day of May, 2021.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

12